OPINION
{¶ 1} Appellant Jeffrey Harris appeals the decision of the Knox County Court of Common Pleas that classified him a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal.
 {¶ 2} In February 1987, appellant was convicted of three counts of rape and four counts of gross sexual imposition. The trial court sentenced appellant to consecutive terms of ten to fifteen years of incarceration, for each rape conviction, and two years of incarceration, for each gross sexual imposition conviction, to be served consecutively with the sentence for rape.
 {¶ 3} On May 24, 2002, the trial court conducted a hearing pursuant to H.B. 180. At this hearing, neither the state nor appellant presented any testimony. However, the state noted, on the record, that appellant had been convicted of sexually oriented offenses with multiple victims all under the age of ten. The state recommended that appellant be classified a "sexual predator" because of the ages of the victims, the fact that multiple victims were involved and appellant's lack of remorse. Defense counsel noted, for the record, that appellant also had been found not guilty of two sexually oriented offenses. Following the hearing, the trial court classified appellant a "sexual predator". Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 4} "I. Defendant-Appellant was improperly classified as a sexual predator."
 I {¶ 5} In his sole assignment of error, appellant contends the trial court erred when it classified him a "sexual predator" because such conclusion is against the manifest weight of the evidence. We disagree.
 {¶ 6} In support of this argument, appellant cites the fact that no testimony was presented by the state to establish his likelihood to re-offend. We are not factfinders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. C.E. Morris Co. v. Foley Constr. (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Cross Truck v. Jeffrey (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 7} R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in determining whether a person should be classified a "sexual predator." This section of the statute provides:
 {¶ 8} "In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 9} "(a) The offender's age;
 {¶ 10} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 13} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender;
 {¶ 16} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 19} In its judgment entry, the trial court stated that it considered all of the factors contained in R.C. 2950.09(B)(2) and based its decision to classify appellant a "sexual predator" on the following elements. First, appellant committed sexually oriented offenses against seven children all under the age of ten. Second, appellant committed sexually oriented offenses against multiple victims. Third, the nature of appellant's sexual conduct was part of a demonstrated pattern of abuse. Appellant maintains these factors do not indicate he is likely to re-offend in the future. We disagree with this assertion.
 {¶ 20} Ohio courts have emphasized the inherent gravity of sexual offenses against minors. In State v. Maynard (1999), 132 Ohio App.3d 820,826, the Ninth District Court of Appeals explained that:
 {¶ 21} "[The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.)
 {¶ 22} This court has previously determined that the abuse of young children is an indicator of an offender's likelihood to re-offend.State v. Jones (July 23, 2001), Stark App. No. 2000CA00350, at 3. In the case sub judice, appellant committed sexually oriented offenses against seven children all under the age of ten. Appellant demonstrated a pattern of abuse when committing these offenses. We find the trial court had sufficient evidence to conclude appellant was likely to re-offend. The trial court's adjudication of appellant as a "sexual predator" is supported by clear and convincing evidence.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.
Topic: Sexual Predator Determination.